```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSIAH A. CLEMENTS,

                Plaintiff,

     -against-                           MEMORANDUM AND ORDER
                                         10-CV-0422 (JS)(ARL)
NASSAU COUNTY CORRECTIONAL CENTER,
C.O. BENSON #421,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Josiah A. Clements, Pro Se
                  100 Carman Avenue
                  East Meadow, New York 11554

For Defendants:   No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is incarcerated pro se Plaintiff Josiah A. Clements' ("Plaintiff") application to proceed in forma pauperis and Complaint alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the application to proceed in forma pauperis is GRANTED, and the claim asserted against Defendant Nassau County Correctional Center ("NCCC") is DISMISSED WITH PREJUDICE.

BACKGROUND

Plaintiff commenced this action on February 1, 2010, against NCCC and C.O. Benson, #421, alleging violation of his constitutional rights pursuant to Section 1983. Plaintiff avers that on November 4, 2009, Defendant C.O. Benson, #421 "threw a sneaker full force at my nose and punched me in my left jaw with

his fist, full force." As a result, Plaintiff alleges that he now suffers from severe headaches, jaw, nose and neck pain, emotional distress and mental anguish. Consequently, Plaintiff claims that he is "a victim of cruel and unusual punishment" and seeks $15 million. The Complaint is accompanied by an application to proceed in forma pauperis.

DISCUSSION

I. In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial circumstance qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally and to liberally construe a

pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ.

3

P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

III.  Section 1983

Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Allegations concerning a single incident of

unconstitutional activity are insufficient to demonstrate the existence of a custom or policy, see City of Oklahoma v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1985), at least in the absence of factual allegations "tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685.

    A.    C.O. Benson, #421

This Court finds that, with respect to the claim asserted against Defendant C.O. Benson, #421, Plaintiff's Complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915. Plaintiff has alleged, albeit with very little detail, that he was assaulted by Defendant C.O. Benson, #421 while in custody. Although barely meeting the pleading requirements of Rule 8, the Court finds Plaintiff has set forth sufficient facts to withstand sua sponte dismissal with respect to the claim asserted against this Defendant.

    B.    Nassau County Correctional Center

Plaintiff names NCCC as a Defendant in his Complaint. However, NCCC is an administrative arm of Nassau County and thus lacks the capacity to be sued as a separate entity. Hill v. U.S. Attorney's Office, No. 08-CV-1045(JS)(AKT), 2009 WL 2524914, at *2 (E.D.N.Y. Aug. 14, 2009) (citing Toomer v. County of Nassau, No. 07-CV-1495(JFB)(ETB), 2009 WL 1269946, at *1 n. 1; see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department because

5

"[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued)). Accordingly, the Plaintiff's claim against NCCC is dismissed with prejudice. Insofar as the Plaintiff's claim is to be construed as against Nassau County, it too must be dismissed because the Plaintiff has not alleged that an official policy or custom caused him to be subjected to the denial of a constitutional right. Given this failure, together with the fact that the Plaintiff has alleged nothing more than a single incident of alleged unconstitutional activity, dismissal of this claim is warranted.

## CONCLUSION

Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED that the Clerk of the Court send a copy of this Order to the Plaintiff by regular first class mail and by certified mail, return receipt requested; and it is further

ORDERED that the Complaint be DISMISSED against Nassau County Correctional Center, with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip New York
       April   30   , 2010